## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| LONNIE L. KIMBALL | : |
| | : No. |
| VS. | |
| | : **JURY TRIAL DEMANDED** |
| BIO-MEDICAL APPLICATIONS OF PENNSYLVANIA, INC. t/a BMA HARRISBURG | : |

---

### COMPLAINT

1.   The plaintiff, Lonnie L. Kimball, is an adult individual who resides at 3755 Elder Road, Harrisburg, PA 17111.

2.   Defendant, Bio-Medical Applications of Pennsylvania, Inc. t/a BMA Harrisburg, is a corporation with a place of business located at 4343 Union Deposit Road, Harrisburg, PA 17111.  Defendant employs more than 20 people.

### Jurisdiction

3.   This matter has federal jurisdiction pursuant to the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. Section 12101, et seq.  This action was filed within 90 days after issuance of a Notice of Right to Sue letter from the EEOC.

Facts

4.  At all times material hereto, plaintiff suffers from a disability as defined by the ADA, because he is missing four fingers on his right hand.

5.  Plaintiff was first hired by the defendant on or about July 27, 2010 as a "Patient Care Technician."  Plaintiff was hired by defendant's clinical director, Sharon Palm, with full knowledge of plaintiff's disability and she told plaintiff that he would undergo training in Harrisburg by Barbara Henry, defendant's Training Instructor.

6.  Plaintiff was able to participate in his training and perform his job in an excellent manner without need for any accommodation.

7.  Shortly after he was hired, Ms. Henry, upon seeing plaintiff's disabled hand, commented that his " . . . hand would keep [him] from being able to set up patient IVs." Plaintiff explained that he was trained phlebotomist and that he was able to insert IVs in patients as well as, or better than, anyone with two good hands.

8.  On or about August 11, 2010, while watching plaintiff attempt to insert an IV on a patient with complicated circumstances, Ms. Henry came over and pushed plaintiff aside and said "see, I told you that you couldn't stick a patient with that hand."

9. On August 11, 2010, after the said incident with Ms. Henry, plaintiff immediately complained to Sharon Palm about Ms. Henry's discriminatory statements and conduct. Plaintiff told Ms. Palm that if she did not do something about it, he would contact defendant's Human Resources department.

10. Ms. Palm directed plaintiff to go home and wait for her call. Plaintiff remained out of work over the next 9 days.

12. On or about August 20, 2010, plaintiff met with defendant's CEO, Mr. Scott, and he told plaintiff that he just wants this whole incident to go away. He told plaintiff that if he wanted to stay, he would have to complete his training in Massachusetts for 3 months. He said that plaintiff could either do this or resign. Plaintiff chose to resign under duress.

13. Defendant and its agents acted at all times material hereto with their authority to hire, fire and discipline.

14. Defendant and its agents undertook a course of conduct toward plaintiff and terminated him and/or constructively discharged him because of his disability and/or his perceived disability and because plaintiff complained about disability discrimination.

15. Defendant's agents acted against plaintiff in a bigoted, willful and malicious manner.

16. Defendant's proffered reason for terminating plaintiff was untrue and was designed to mask the true unlawful reason for

her termination.  The true reason why plaintiff was terminated was because of his disability and/or perceived disability and/or because he complained about discrimination.

17. Defendant unlawfully retaliated against plaintiff because he complained about discrimination.

## COUNT 1– VIOLATION OF THE ADA

18. Plaintiff hereby incorporates paragraphs 1-17 by reference as if set forth at length herein.

19. Defendant and its agents intentionally violated the ADA by unlawfully and intentionally terminating plaintiff's employment and/or constructively discharging plaintiff because he suffered from a disability and/or perceived disability and/or because he complained about disability discrimination.

20. As a direct result of defendant's violation(s) as aforesaid, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.  Plaintiff has engaged in great efforts to mitigate his damages by searching for new employment, but he has been unsuccessful in his efforts to date.

21. Plaintiff is entitled to punitive damages and compensatory damages for emotional pain and suffering in an amount which is to be determined by the trier of fact in this matter.

22. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit.

WHEREFORE, plaintiff demands that judgment be entered in his favor against defendant for lost pay, lost bonuses, lost benefits, other financial losses, punitive damages, compensatory damages for emotional pain and suffering, attorneys fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

Date:     July 28, 2011

                                            Dion & Goldberger

                                                /s/ Samuel A. Dion
By:_____
      Samuel A. Dion, Esq.
Signature Code: SAD2282
1616 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 546-6033
Fax: (215) 546-6269
Email: samueldion@aol.com

/s/ Richard B. Bateman
_____
Richard B. Bateman, Jr., Esq.
Signature Code: RBB6330
12 Veterans Square
Media, PA 19063
(610) 566-3322
Fax: (610) 548-9986
Email: batemanlaw@aol.com

**Attorneys for Plaintiffs**